IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PAUL GARNET HILL, )<br>)<br>    Movant, )<br>) Civ. No. 04-1134-JDT-egb<br>VS. ) Crim. No. 04-10026-JDT<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed *pro se* by the Movant, Paul Garnet Hill, Bureau of Prisons register number 19366-076, an inmate at the Federal Correctional Institution in Pollock, Louisiana. For the reasons stated below, the Court DENIES Movant's § 2255 motion.

On February 23, 2004, a federal grand jury returned a single-count indictment charging Hill, a convicted felon, with possessing a firearm that had been shipped in interstate commerce, in violation of 18 U.S.C. § 922(g). (No. 04-10026-JDT, ECF No. 1.) On June 10, 2004, Hill entered a plea of guilty to the sole count of the indictment. (*Id.*, ECF No. 18.) There was no written plea agreement. At a hearing on September 24, 2004, the Court sentenced Hill as an armed career criminal to a 188-month term of imprisonment, to be

followed by a three-year period of supervised release. (*Id.*, ECF No. 26.)[1]  Judgment was entered on September 27, 2004.  (*Id.*, ECF No. 28.)

The United States Court of Appeals for the Sixth Circuit affirmed the decision to sentence Hill under the ACCA but vacated his sentence and remanded for a new sentencing hearing in light of *United States v. Booker,* 543 U.S. 220 (2005).  *United States v. Hill,* 440 F.3d 292 (6th Cir. 2006).  On remand, a resentencing hearing was held on July 17, 2006, at which the Court reimposed the sentence of 188 months and three years of supervised release. (No. 04-10026, ECF No. 45.)  An amended judgment was entered on July 19, 2006.  (*Id.*, ECF No. 46.)  Hill did not appeal.

On June 9, 2014, Movant filed his § 2255 motion, accompanied by a legal memorandum.  (ECF Nos. 1 & 1-1.)  The sole issue presented is whether the Supreme Court's decision in *Descamps v. United States,* 133 S. Ct. 2276 (2013), precludes the use of

---

[1] The 2003 edition of the *Guidelines Manual* was used to calculate Hill's sentence. (Presentence Report ("PSR") ¶ 16.)  Pursuant to § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 20 if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.  Hill received a four-level enhancement because the firearm was possessed in connection with another felony offense, U.S.S.G. § 2K2.1(b)(5), and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in an adjusted offense level of 21.  Given his criminal history category of VI, the guideline sentencing range ordinarily would have been 77-96 months.

However, because Hill had two prior convictions for burglary (PSR ¶ 31) and a conviction for aggravated burglary (*id.* ¶ 38), he was sentenced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4.  As a result, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the offense level was 34.  With the three-level reduction for acceptance of responsibility, his total offense level was 31.  Given Movant's criminal history category of VI, the guideline sentencing range was 188-235 months.  Hill was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e)(1).

Movant's Tennessee burglary convictions as predicate offenses under the ACCA. (ECF No. 1-1 at 3-11.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o

Movant's Tennessee burglary convictions as predicate offenses under the ACCA. (ECF No. 1-1 at 3-11.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o

hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In his § 2255 motion, Hill argues that he is entitled to relief from his sentence as an armed career criminal in light of the Supreme Court's decision in *Descamps v. United States,* 133 S. Ct. 2276 (2013). In *Descamps*, the Supreme Court held that the modified categorical approach cannot be used to determine the nature of a prior conviction under the ACCA "when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. Movant argues that his Tennessee burglary convictions were not properly counted as "crimes of violence." (ECF No. 1-1 at 3-11.)

Movant's § 2255 motion is facially time barred. Twenty-eight U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

4

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Hill argues that the running of the limitations period commenced on June 20, 2013, the date on which the Supreme Court issued its decision in *Descamps*. (ECF No. 1-1 at 11-14.)

The § 2255 motion is timely only if the decision in *Descamps* involved a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). A new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). The Supreme Court has not held *Descamps* to be retroactively applicable to cases on collateral review. Other courts have refused to give the decision in *Descamps* retroactive effect, both because it announces no new rule and because the Supreme Court has not held it to be retroactive. *See, e.g., United States v. Montes,* 570 F. App'x 830, 831 (10th Cir. 2014) ("We agree with the district court, however, that the *Descamps* decision did not recognize a new right. . . . The *Descamps* opinion simply applied existing doctrine. Numerous district courts have reached the same conclusion." (citations omitted)); *Groves v.*

*United States,* 755 F.3d 588, 593 (7th Cir. 2014) (stating, in *dicta,* that, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review"), *petition for cert. filed* (Oct. 7, 2014) (No. 14-6669); *Berry v. United States,* No. 05-20048, 2014 WL 4854844, at *15 (E.D. Mich. Sept. 30, 2014) (the decision in *Descamps* does not state a new rule and is not retroactive) (report and recommendation adopted by district court); *Foster v. United States,* Nos. 1:11-cv-184, 1:07-cr-72, 2014 WL 4450143 (E.D. Tenn. Sept. 10, 2014) ("The Supreme Court did not declare *Descamps* to be retroactive to cases on collateral review. Nor has the Sixth Circuit so found. And, this Court has already declined to apply *Descamps* retroactively to a § 2255 case on collateral review, absent direction from the Sixth Circuit or the Supreme Court to do so." (citations omitted)); *United States v. Waagner,* No. 1:02-cr-007, 2014 WL 4100902, at *3 (S.D. Ohio Aug. 18, 2014) (holding that the decision in *Descamps* did not recognize a new right) (report and recommendation), *adopted,* 2014 WL 4659478 (S.D. Ohio Sept. 17, 2014); *United States v. Patrick,* Crim. No. 6:06-034-DCR, Civ. No. 6:14-7357-DCR, 2014 WL 2991857, at *2 (E.D. Ky. July 2, 2014) ("There is no indication in *Descamps* that the Supreme Court intended for its ruling to be applied retroactively to cases on collateral review." (collecting cases)); *United States v. Goldsby,* No. 1:96CR403, 2014 WL 2805395, at *2 (N.D. Ohio June 20, 2014) (*Descamps* is not retroactive to cases on collateral review); *Shelton v. United States,* Nos. 1:13-cv-340, 1:05-cr-97, 2014 WL 460868, at *3 (E.D. Tenn. Feb. 5, 2014) ("In the absence of any Supreme Court or Sixth Circuit decision concluding *Descamps* is retroactively applicable to cases on collateral review, the Court declines to find that any rule that may have been established in

this case constitutes a new right which applies retroactively to this § 2255 motion."). Therefore, Movant is not entitled to relief from his sentence as an armed career criminal in light of *Descamps.*

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. Neither a response from the United States Attorney nor an evidentiary hearing is necessary. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Therefore, Movant's § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not

7

require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in this § 2255 motion is without merit for the reasons previously stated. Because any appeal by Movant on the issue raised in his § 2255 motion does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the Movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if the Movant

files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE